(39 Misc. Rep. 330.)

### STURGIS, Fire Com'r, v. GRAU.

(Supreme Court, Appellate Term.   November, 1902.)

1. THEATERS—OBSTRUCTIONS IN PASSAGEWAYS.

> A manager of a theater in the borough of Manhattan, after notice to cause the removal of persons standing during a public performance in the space between the orchestra circle and the rear wall of the auditorium, refused so to do. The passageways of the orchestra circle and the spaces on the same floor leading from those passageways to the auditorium were unobstructed. *Held*, that he was not subject to the penalty imposed by New York City Charter (Laws 1897, c. 378), §§ 762, 773, for refusing to cause the removal of persons standing in any passageway of such place.
>
> MacLean, J., dissents.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Thomas Sturgis, fire commissioner of the city of New York, against Maurice Grau. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

George L. Rives, Corp. Counsel (Arthur F. Cosby, of counsel), for appellant.

Hoadly, Lauterbach & Johnson (Edward Lauterbach, Herbert R. Limburger, and B. F. De Frece, of counsel), for respondent.

FREEDMAN, P. J.   This action was brought to recover the penalty for an alleged violation of section 762 of the Greater New York charter, which provides as follows:

"Whenever any member of the uniformed force of said (fire) department shall discover in any * * * passageway in any such place of amusement * * * any person or persons standing or sitting therein, during any public performance, it shall be the duty of such member of the uniformed force forthwith to notify the * * * manager of such place of amusement * * * to cause the person or persons standing or sitting in such * * * passageways to forthwith vacate the same. If the manager or proprietor, etc., * * * shall cause or permit * * * any person to stand or sit therein, during any public performance, or, having been so notified, shall neglect or refuse * * * to cause such person or persons to forthwith vacate said * * * passageways, they shall * * * be deemed to have violated the provisions and requirements of this title and the regulations or orders duly made thereunder, and shall be subject to the penalties prescribed in this act."

Section 773, on fines and penalties, prescribes that:

"Any person, persons or corporations, for the violation of or noncompliance with, any of the several sections of this title, shall severally forfeit and pay a fine or penalty in the sum of fifty dollars for each and every offense."

At the Metropolitan Opera House, located on the west side of Broadway in this city, on Monday evening, April 21, 1902, there were standing, between the rear of the orchestra seats and the wall that divides what is called the "foyer" from the orchestra on the ground floor of the house, a number of persons, stated to be 311. The defendant, the manager of the house, was ordered by the fireman on duty that night to remove those people standing back of the seats in the

orchestra circle, and he refused to do so. Thereupon this action was brought. The only point at issue is whether or not the space described as aforesaid is a passageway within the meaning of the act above mentioned. After an exhaustive trial had of the issues involved, the learned trial justice in the court below wrote an opinion in which, after reviewing the evidence and the authorities applicable to the facts in the case, he says:

"I therefore take it that a passageway, within the meaning of the statute, is that portion of the building through which persons going to or from their seats are accustomed to, or must of necessity, pass; and, as the evidence convinced me that persons were not accustomed to, and did not, upon the night in question, and were not required to, pass through any portion of the building in which defendant permitted persons to stand, the conclusion necessarily follows that the space in question is not a passageway within the contemplation of the statute."

We have given this case careful consideration, and find no reason for reaching any other result.

The question in dispute is one of fact, and is related to a particular evening performance. On that evening the chairs were removed, and persons holding tickets of admission permitted to stand in the places formerly occupied by the chairs. No person was permitted to stand in any of the passageways which had always been used as such. The doors through which ingress and egress could be had to and from the aisles between the various portions of the orchestra circle were all directly opposite the said aisles, except one door in the very center of the building, marked "X" upon the diagram submitted. As to that door, the testimony was that it was not used as a means of ingress at all, but that it was kept closed before and during the performance, and used merely as an additional means of exit for persons standing immediately in front of said door after the performance or any act. Sturgis v. Coleman, 38 Misc. Rep. 302, 77 N. Y. Supp. 886, has no application to the present case.

Judgment affirmed, with costs.

BLANCHARD, J. (concurring). The only question presented on this appeal is this: Was the space in the rear of the orchestra circle of the theater a passageway within the meaning of the statute? Under the facts, as disclosed by the evidence, I think that the trial justice was justified in his finding that on April 21, 1902, the night of the alleged violation of the statute, the space was not a passageway. The safety of the public, for whose benefit the statute was enacted, is not endangered by the finding of the trial justice, nor would it, in my judgment, add to the safety of the public in an emergency if this space should be held as a passageway. There is a direct passageway from the seats to the corridor which runs around the house. The space in the rear of the seats and between the aisles is in no sense necessary for egress or ingress. I do not think it can be said, from the evidence in this case, that the defendant has voluntarily set apart the space where the violation of the statute is claimed to have occurred for a passageway. The evidence on behalf of the defendant is to the contrary, and we would not be justified in assuming the defendant's inten-

tion to set this space apart as a passageway simply because the plans on file in the building department show the space unoccupied by seats.

I concur in the opinion of the presiding justice that the trial justice was correct in his decision.

MacLEAN, J. (dissenting). It appears from the plan itself that the space in question was offered to the public as a passageway, and it is shown by the testimony that it was used as such by the public. While the manager of a theater has the right, within the law, to utilize the capacity of his house, the law does not permit him to sell and utilize so much thereof as he has of his own volition offered as a passageway to the public. Sturgis v. Coleman, 38 Misc. Rep. 302, 77 N. Y. Supp. 886. The judgment should therefore be reversed.

Judgment affirmed, with costs.