## STURGIS, Fire Com'r, v. HAYMAN.

(Supreme Court, Appellate Term.　June 22, 1903.)

1. THEATERS—CONSTRUCTION OF PASSAGEWAY—PENALTY.

Where a theater has a front and a side entrance, both of which are permitted to be used, and people are permitted to stand in a space necessary for a passageway in the use of the side entrance alone, the manager is liable to the penalty imposed by Laws 1897, pp. 263, 272, c. 378 (Charter, §§ 762, 773), forbidding the manager to cause or permit any person to occupy a passageway during a performance.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Thomas Sturgis, as fire commissioner, against Alfred Hayman.　From a judgment for defendant, plaintiff appeals.　Reversed in part.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

George L. Rives (Arthur F. Cosby, of counsel), for appellant.
Howe & Hummell, for respondent.

GILDERSLEEVE, J. The action is to recover penalties against a theatrical manager for allowing people to stand in the passageway of his theater during a public performance, after his attention had been called thereto. See sections 762 and 773 of the charter (Laws 1897, pp. 263, 272, c. 378). There are several specific occasions (i. e., on September 6, 12, 13, 15, 17, 18, 19 and 20, 1902) when the said offense is alleged to have been committed.

The justice gave judgment for defendant upon each charge. As to all of the charges, he gives as a reason for his decision that the space where the people were standing was not a passageway, within the meaning of the statute; and in the cases of September 6th, 13th, 18th, 19th, and 20th he gives additional reasons, founded upon the insufficiency of plaintiff's proofs as to the facts. With his decision on these additional grounds we will not interfere, under the evidence presented. With respect to the occasions of September 12th, 15th, and 17th, he bases his decision wholly on the ground that the space in which the people were standing was not a passageway, within the meaning of the statute. This ground it will be necessary to examine closely.

The space where the people were standing is in the rear of the orchestra chairs. The question, therefore, presents itself: Was this space a passageway, within the meaning of the statute? "A passageway," says Mr. Justice Freedman in the case of Sturgis v. Grau, 39 Misc. Rep. 330, 79 N. Y. Supp. 843, "within the meaning of the statute [Charter, § 762], is that portion of the building through which persons going to or from their seats are accustomed to, and must of necessity, pass." The theater in question is called the "Knickerbocker Theater," and is situated on the northeast corner of Thirty-Eighth street and Broadway. It has two entrances—a main one on Broadway, and a side entrance on Thirty-Eighth street. One enters from Broadway into a wide lobby, and then passes through the ticket gates to the theater proper. There are three doors from the main lobby into the theater proper. If one enters from Broadway, the doors through which ingress and egress could be had to and from the aisles between the various portions of the orchestra were all directly opposite the aisles. Therefore the space behind the last orchestra chairs and between the entrances to the different aisles was not of necessity a passageway to persons going to or from their seats, if such people entered by Broadway. If, however, one entered by the Thirty-Eighth street entrance, it would be necessary to use this space in getting to some of the aisles. Whether the space in question was intended for standing room, as claimed by the defendant, or not, the fact remains that, by reason of the existence of the Thirty-Eighth street entrance, custom and usage made this space a passageway. The manager of a theater has the right to utilize to the fullest extent the seating or standing capacity of his house, so long as he complies with the law, but the law does not permit him to obstruct the

portion of the auditorium he has voluntarily set aside for passageway. See Sturgis v. Coleman, 38 Misc. Rep. 304, 77 N. Y. Supp. 886. The public have a right to enter by the Thirty-Eighth street entrance, even if their seats are on an aisle the furthest from such entrance. The management, having invited the public to go in by the Thirty-Eighth street entrance, and to pass along the space in question, behind the last of the orchestra chairs, in order to reach their seats, cannot be heard to claim that they intended such space, not for a passageway, but for a standing place. It makes but little difference whether or not there was kept free a sufficient space behind the standing spectators for the people to pass. It was not the intention of the Legislature to leave it to a manager to say how many persons might stand with safety in a space set apart as a passageway. The statute prohibits the management from permitting a single person to stand or sit during a public performance in a passageway. Its language is as follows: "If the manager shall cause or permit any person, or persons, to stand or sit therein [in a passageway], during any public performance, or, having been so notified, shall neglect or refuse to cause such person or persons to forthwith vacate said passageway," he shall become liable to the penalties prescribed in this act.

As it is conceded that the management permitted people to stand in this space during a public performance, after having had its attention called to such fact, on September 12, 15, and 17, 1902, we think the judgment as to the claims based upon these three offenses must be reversed, and a new trial granted, with costs to abide the event. As to the remaining claims, based on the events of the other dates, we will not interfere with the conclusions of the trial justice, as his decision is based on other grounds, which seem well taken. As to these claims the judgment is affirmed, with costs.

Judgment reversed as to claims for violations of September 12, 15, and 17, 1902, and new trial ordered, with costs to the appellant to abide the event; and judgment as to the other violations affirmed, with costs. All concur.