### WALDO, Fire Com'r, v. SEELIG.

(Supreme Court, Appellate Term. January 4, 1911.)

1. THEATERS AND SHOWS (§ 8*)—PENALTIES—PERMITTING PERSONS IN "PASSAGEWAY"—"AISLES AND PASSAGEWAYS."

Greater New York Charter (Laws 1897, c. 378) § 762, makes the manager of a theater subject to penalty for causing or permitting any person to stand or sit in the aisles and passageways during performances, or for neglecting or refusing to cause such persons to forthwith vacate such aisles or passageways on being notified of their occupancy thereof. *Held* that where the only entrance to the main floor of a theater is through a center door, and persons entering such door are compelled to pass behind the rows of seats to gain the aisle on either side of such floor, the space in the rear of the seats between the said aisles is embraced within the term "aisles and passageways" of the charter; and, where the gallery is so arranged that the only way a person can pass from one side to the other, without going down the stairs, crossing on the main floor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and ascending the stairs is by passing back of the seats, the space back of the seats is a "passageway" within the charter.

[Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 1, pp. 294; vol. 6, p. 5218.]

2. THEATERS AND SHOWS (§ 8*)—REGULATION—PENALTIES—PERMITTING PERSONS IN PASSAGEWAY.

Where a person was a licensee and responsible proprietor of a theater. so that the charter imposed upon him the duty of keeping the aisles and passageways clear of spectators during a performance, that he was not in the theater at the time of a violation of such charter regulation would not affect his liability, as the knowledge of his agents and servants is his knowledge, and whether he had actual personal knowledge is immaterial.

[Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 8.*]

3. THEATERS AND SHOWS (§ 8*)—REGULATION—PERMITTING PERSONS TO STAND IN PASSAGEWAY.

Under Greater New York Charter, § 762, notice to the proprietor of a theater of his violation of the regulation is not necessary to the incurring of the penalty.

[Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 8.*]

4. THEATERS AND SHOWS (§ 8*)—CONSTRUCTION—PENAL STATUTE.

While a statute imposing a penalty must be strictly construed, a statute prohibiting the allowance of spectators to stand in aisles of a theater during a performance, designed to protect the lives of the patrons from the danger of panic, by securing an unimpeded means of exit, should be rigidly enforced, and the courts will not strive to find technicalities whereby its beneficent purposes may be defeated.

[Ed. Note.—For other cases, see Theaters and Shows, Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Rhinelander Waldo, Fire Commissioner of the City of New York, against Levin Seelig. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Archibald R. Watson (Herman Stiefel and William J. Millard, of counsel), for appellant.

Rogers & Rogers (Gustavus A. Rogers and Saul E. Rogers, of counsel), for respondent.

PAGE, J. This action was brought by the fire commissioner to recover from the manager of the Dewey Theater in East Fourteenth street the penalty for allowing persons to stand in the passageways and aisles of the said theater during a certain public performance, as provided by sections 762, 773, 731, Greater New York Charter (Laws 1897, c. 378).

The principal contention of the respondent is that there was no violation proved, because the places in which plaintiff's witnesses testified that persons were standing were not aisles and passageways within the intent of section 762. This contention is without merit. It is admitted that the only entrance to the main or orchestral floor was through a center door, and that persons entering this door were compelled to pass behind the rows of seats to gain the aisle on either

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

side of said floor, which distinguished this case from Sturges v. Grau, 39 Misc. Rep. 330, 79 N. Y. Supp. 843, where the entrances were directly opposite each aisle, the space in the rear of the seats between the aisles being expressly reserved for standing patrons, and there being no necessity or purpose to use the same as a passageway. We should not hesitate to hold that such a passageway as exists in the case under consideration was directly contemplated by section 762, had there been no construction given thereto by the court. The case of Sturgis v. Hayman, 84 N. Y. Supp. 126, however, is a direct decision against the respondent's contention.

In so far as the gallery is concerned, the only way a person can pass from one side to the other, without going down the stairs and crossing on the main floor and ascending the stairs, is by the passageway back of the seats. Respondent contends that, because of the fact that a person can pass from one side to the other by the use of the stairs, the space back of the seats should not be considered a passageway. To this contention we cannot assent. It was also proved that persons were allowed to stand in the said aisles of the gallery which concededly were necessary to enable patrons to make their exit.

Respondent further contends that as he was not shown to be in the theater at the time, and, as notice of the condition was not brought to his attention by the fireman, he cannot be held liable. He was shown to be the licensee and the responsible proprietor of this theater, and the law imposes upon him the duty of keeping the aisles and passageways of the theater clear of spectators during the performance. It is immaterial whether he had actual personal knowledge of the condition. The knowledge of his agents and servants is his knowledge. We do not think it necessary that the fireman shall give notice to the proprietor of the violation in order that the penalty may be incurred. Section 762 provides that the penalty shall be incurred if the persons therein named shall cause or permit any person to stand or sit in the aisles or passageways "or having been so notified shall neglect or refuse * * * to cause such person or persons to forthwith vacate said aisles or passageways." Therefore they are liable if they cause or permit the person to occupy the prohibited space, or for refusing or neglecting to cause them to remove after notice. The evidence of. respondent's own witnesses showed violations of the provisions of the statute, which the evidence of the plaintiff's witnesses clearly established. While a statute that imposes a penalty must be strictly construed, a statute such as this, which is designed to protect the lives of the patrons of the place from the dangers of panic in case of fire or other sudden disaster, by securing an unimpeded means of exit, should be rigidly enforced, and the courts will not strive to find technicalities whereby its beneficent purposes may be defeated.

The judgment is reversed and a new trial granted, with costs to the appellant to abide the event. All concur.